IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEITH NEAL<br>2201 Pinehurst Circle<br>Girard, OH   44420<br><br>            Plaintiff<br><br>            v.<br><br>TRUMBULL CORRECTIONAL INSTITUTION<br>5701 Barnette Road<br>Leavittsburg, OH   44430<br><br>and<br><br>OHIO DEPARTMENT OF REHABILITATION<br>AND CORRECTION<br>1050 Freeway Drive, North<br>Columbus, OH   43226<br><br>and<br><br>DAVID BOBBY, Warden, Individually<br>c/o Trumbull Correctional<br>Institution<br>5701 Barnette Road<br>Leavittsburg, OH   44430<br><br>and<br><br>GARY SIMS, Religious Service<br>Administrater, Individually<br>c/o Trumbull Correctional<br>Institution<br>5701 Barnette Road<br>Leavittsburg, OH   44430<br><br>            Defendants | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><u>COMPLAINT</u><br><u>with Jury Demand</u> |

## INTRODUCTION

Plaintiff seeks a remedy against Defendant Trumbull Correctional Institution for discriminating against him due to his race and/or religion, in violation of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

Plaintiff seeks a remedy against Defendant Ohio Department of Rehabilitation and Correction and/or Defendant Trumbull Correctional Institution for retaliating against him due to his participation in protected activity, in violation of 42 U.S.C. §2000e-3.

Plaintiff seeks a remedy against Individual Defendant David Bobby and/or Individual Defendant Gary Sims for discriminating against him due to his race and/or religion and retaliating against him, in violation of O.R.C. §4112.02(A)(I).

Plaintiff seeks a remedy against Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction for depriving him of his right to continued employment, in violation of 42 U.S.C. §1983.

Plaintiff seeks a remedy against Individual Defendant David Bobby and/or Individual Defendant Gary Sims for conspiring unilaterally and/or in concert to deprive him of his employment, in violation of 42 U.S.C. §1985.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §452, §1331, and §1334.

This Court has subject matter jurisdiction under the following federal statutes: the Civil Rights Act of 1964, 42 U.S.C.

§2000e; 42 U.S.C. §1983; and 42 U.S.C. §1985; and pendent jurisdiction under U.S.C. §4112.02(A)(I).

## VENUE

The venue is proper with this Court as all the parties are located within the Court's jurisdiction and all acts, occurrences, and agreements involved in the instant cause of action were commenced and completed within the Court's jurisdiction.

Venue lies in this District under 28 U.S.C. §1191(b), where the Plaintiff resides, Defendants do business, and where the claim arose.

## PARTIES

1. Plaintiff Keith Neal is a citizen of the State of Ohio residing at 2201 Pinehurst Circle, Girard, Ohio 44420.
2. Plaintiff has been a correction officer at Defendant Trumbull Correctional Institution since 1992, and is ranked a Sargeant.
3. Defendant Trumbull Correctional Institution is a correctional facility located at 5701 Barnette Road, Leavittsburg, Ohio 44430, housing both men and women.
4. Defendant Ohio Department of Rehabilitation and Correction is the governing and/or administrative authority over Defendant Trumbull Correctional Institution, and is located at 1050 Freeway Drive, North, Columbus, Ohio 43226.
5. Defendant David Bobby is the Warden of Defendant Trumbull Correctional Institution.
6. Defendant Gary Sims is the Religious Service Administrater

of Defendant Trumbull Correctional Institution.

## FIRST CAUSE OF ACTION

7. Plaintiff has been an employee of Defendant Trumbull Correctional Institution from on or about October of 1992 as a correction officer.

8. Plaintiff has assigned duties and responsibilities as a correction officer. A copy of said duties and responsibilities is attached hereto and made a part hereof, and designated Exhibit A.

9. Plaintiff, through hard work and diligence, was promoted to the rank of Sargeant.

10. Plaintiff is also an ordained minister.

11. Plaintiff has bid or otherwise applied for various positions over the years at Defendant Trumbull Correctional Institution and has been turned down or otherwise rejected due to improper racial and/or religious animus of Defendant Trumbull Correctional Institution.

12. Plaintiff, a Black person, has applied on at least two (2) occasions for the position of Correction Captain, and has been rejected in favor of a Caucasian person who did not possess the same qualifications and experience as the Plaintiff.

13. Plaintiff file an Equal Employment Opportunity Commission (EEOC) charge, a copy of which is attached hereto and made a part hereof, and designated Exhibit B.

14. Plaintiff received a right to sue on said EEOC charge, a copy of which is attached hereto and made a part hereof,

4

and designated Exhibit C.

15. Plaintiff says that he has been discriminated against by Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction due to his race.

16. Plaintiff further says that he has been discriminated against in the conditions and privileges of his employment and has suffered adverse employment decisions by Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction due to his race, in violation of 42 U.S.C. §2000e.

17. As a result of Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction's willful, wanton, and malicious acts and/or conduct directed toward the Plaintiff due to his race, Plaintiff has been damaged and expects to incur further damage in the future.

18. As a result of the willful, wanton, and malicious acts and/or conduct of Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction, Plaintiff has been damaged and expects to incur further damage in the future.

WHEREFORE Plaintiff on his First Cause of Action asks for judgment against Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction jointly and severally in the sum of Three Hundred Thousand and No/100 Dollars ($300,000.00) as compensatory damages and Three

Hundred Thousand and No/100 Dollars ($300,000.00) as punitive damages, together with attorney fees, interest, and costs therein, and for such other and further relief as may be just and equitable in the premise.

## SECOND CAUSE OF ACTION

19. Plaintiff reavers and realleges all the allegations contain-in in paragraphs one (1) through eighteen (18) of his First Cause of Action and incorporates them herein as if specifically rewritten herein.

20. Plaintiff is an ordained minister whose chosen arena to minister is the prisoners in correctional institutions.

21. Plaintiff further says that prior to August 16, 2005, he conducted regular services and routinely preached to the prison population at Defendant Trumbull Correctional Institution.

22. Plaintiff further says that on August 16, 2005, after observing what he considered to be lewd and lascivious acts with sexual implications during a yard duty with females and management of the prison present, he felt that there was a moral and legal obligation foisted upon him.

23. Plaintiff further says that he emailed the North Regional Deputy Director regarding said yard duty at Level 1 and Level 2 at the Trumbull Correction Camp, which houses women offenders.

24. Plaintiff further says that Defendant David Bobby and two (2) other male Deputy Wardens had been directly involved in the yard duty.

6

25. Plaintiff further says that shortly after he emailed concerning the August 16, 2005, yard day, his ability to email and use the computer were removed from him, and a directive was issued that he was no longer permitted to preach or participate. A copy of said directive is attached hereto and made a part hereof, and designated Exhibit D.

26. Plaintiff further says that subsequently he was issued a written reprimand, which he believes was unfounded and unwarranted. A copy of said reprimand is attached hereto and made a part hereof, and designated Exhibit E.

27. Plaintiff further says that as a Christian minister and as a correction officer he had a duty to inform that his Warden and Deputy Wardens were participating in activities that bordered on moral improprieties due to their control over the female inmates.

28. Plaintiff further says that the female inmates were enticed into participating in erotic dances and wet T-shirt contests for toothpaste and other hygiene incentives.

29. Plaintiff further says that he has witness of what actually occurred during yard duty who support his position that any reprimand and/or discipline was discriminatory and due to religion.

30. Plaintiff further says that shortly after yard duty he was confronted by several peers and fellow employees who insulted and embarrassed him due to his religious beliefs and practices, associated with the email.

31. Plaintiff further says that he was threatened with termination by Defendant David Bobby, who stated to the Plaintiff

7

that being a religious man, the Plaintiff was out of touch and was not being a team player.

32. Plaintiff further says that he was told by Defendant Bobby that he should consider transferring to another institution due to his religious stance on various matters at Defendant Trumbull Correctional Institution.

33. Plaintiff further says that he has been discriminated against due to his religious beliefs, in violation of 42 U.S.C. §2000e.

34. As a result of Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction's willful, wanton, and malicious acts and/or conduct directed toward the Plaintiff in discriminating against him due to religion, Plaintiff has been damaged and expects to incur further damage in the future.

35. As a result of Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction's willful, wanton, and malicious acts and/or conduct, Plaintiff has been damaged and expects to incur further damage in the future.

WHEREFORE Plaintiff on his Second Cause of Action asks for judgment against Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction jointly and severally in the sum of Three Hundred Thousand and No/100 Dollars ($300,000.00) as compensatory damages and Three Hundred Thousand and No/100 Dollars ($300,000.00) as punitive damages, together with attorney fees, interest, and costs therein,

and for such other and further relief as may be just and equitable in the premise.

## THIRD CAUSE OF ACTION

36. Plaintiff reavers and realleges all the allegations contained in paragraphs one (1) through thirty-five (35) of his First and Second Causes of Action and incorporates them herein as if specifically rewritten herein.

37. Plaintiff is an employee of the State of Ohio at Defendant Trumbull Correctional Institution, which is regulated and/or monitored by Defendant Ohio Department of Rehabilitation and Correction.

38. Plaintiff, by virtue of his employment, is entitled to certain protections guaranteed by the Fourteenth Amendment of the U.S. Constitution, including but not limited to employment.

    Plaintiff has been a correction officer at Defendant Trumbull Correctional Institution since 1992, and is an ordained minister.

39. Plaintiff has been deprived promotions by Defendant Trumbull Correctional Institution due to his religious beliefs and/or race, in violation of 42 U.S.C. §1983.

40. Plaintiff further says that Defendant Trumbull Correctional Institution and/or Defendant David Bobby are state actors acting under color of law and have deprived him of the conditions and privileges associated with his employment, in violation of 42 U.S.C. §1983.

41. As a result of Defendant Trumbull Correctional

Institution and/or Defendant David Bobby's deprivation and/or discriminatory acts and/or conduct associated with Plaintiff's employment, Plaintiff has been damaged and expects to incur further damage in the future.

42. As a result of Defendant Trumbull Correctional Institution and Defendant David Bobby's willful, wanton, and malicious acts and/or conduct, Plaintiff has been damaged and expects to incur further damage in the future.

WHEREFORE Plaintiff on his Third Cause of Action asks for judgment against Defendant Trumbull Correctional Institution and/or Defendant David Bobby jointly and severally in the sum of Three Hundred Thousand and No/100 Dollars ($300,000.00) as compensatory damages and Three Hundred Thousand and No/100 Dollars ($300,000.00) as punitive damages, together with attorney fees, interest, and costs therein, and for such other and further relief as may be just and equitable in the premise.

## FOURTH CAUSE OF ACTION

43. Plaintiff reavers and realleges all the allegations contained in paragraphs one (1) through forty-two (42) of his First, Second, and Third Causes of Action and incorporates them herein as if specifically rewritten herein.

44. Plaintiff further says that Defendant David Bobby and/or Defendant Gary Sims, acting in concert and/or unilaterally, conspired to deprive Plaintiff of the conditions and benefits of his employment, including but not limited to promotions, in violations of 42 U.S.C. §1985.

45. Plaintiff further says that he has applied for at least

five (5) chaplain positions, which are under the control and auspices of Defendant Gary Sims, and was rejected for all five (5) positions.

46. Plaintiff further says that he was deprived sick leave benefits and placed on administrative leave and psychiatric evaluation by Defendant David Bobby.

47. Plaintiff further says that the aforesaid acts and/or conduct of Defendant Gary Sims and Defendant David Bobby are all part of a conspiracy to deprive him of his employment due to his advocacy for inmates.

48. Plaintiff further says that Defendant David Bobby is a state actor and that he knowingly entered into a course of conduct to deprive Plaintiff of his employment.

49. Plaintiff further says that Defendant Gary Sims is a state actor and that he knowingly entered into a course of conduct to deprive Plaintiff of his employment.

50. As a result of the willful, wanton, and malicious acts and/or conduct of Defendant David Bobby and Defendant Gary Sims in discriminating and/or conspiring to deprive Plaintiff of his employment and/or conditions and/or benefits of his employment, in violation of 42 U.S.C. §1985, Plaintiff has been damaged and expects to incur further damage in the future.

51. As a result of the willful, wanton, and malicious acts and/or conduct of Defendant David Bobby and Defendant Gary Sims, Plaintiff has been damaged and expects to incur further damage in the future.

WHEREFORE Plaintiff on his Fourth Cause of Action asks for judgment against Defendant David Bobby and/or Defendant Gary Sims jointly and severally in the sum of Three Hundred Thousand and No/100 Dollars ($300,000.00) as compensatory damages and Three Hundred Thousand and No/100 Dollars ($300,000.00) as punitive damages, together with attorney fees, interest, and costs therein, and for such other and further relief as may be just and equitable in the premise.

### FIFTH CAUSE OF ACTION

52. Plaintiff reavers and realleges all the allegations contained in paragraphs one (1) through fifty-one (51) of his First, Second, Third, and Fourth Causes of Action and incorporates them herein as if specifically rewritten herein.
53. Plaintiff further says that he was discriminated against due to his race and/or religion by Defendant David Bobby and/or Defendant Gary Sims, in violation of O.R.C. §4112.02(A).
54. Plaintiff further says that he was retaliated against for participating in protected activity by Defendant David Bobby and/or Defendant Gary Sims, in violation of O.R.C. §4112.02(I).
55. Plaintiff further says that he was discriminated against by his supervisors and superiors, in violation of O.R.C. §4112.02.
56. As a result of Defendants' discriminatory acts and/or conduct in violation of O.R.C. §4112.02, Plaintiff has been damaged and expects to incur further damage in the future.
57. As a result of the willful, wanton, and malicious acts and/or conduct of Defendants in discriminating against and/or harassing the Plaintiff due to his race and/or religion, in

violation of O.R.C. §4112.02, Plaintiff has been damaged and expects to incur further damage in the future.

WHEREFORE Plaintiff on his Fifth Cause of Action asks for judgment against Defendant David Bobby and/or Defendant Gary Sims jointly and severally in the sum of Three Hundred Thousand and No/100 Dollars ($300,000.00) as compensatory damages and Three Hundred Thousand and No/100 Dollars ($300,000.00) as punitive damages, together with attorney fees, interest, and costs therein, and for such other and further relief as may be just and equitable in the premise.

## SIXTH CAUSE OF ACTION

58. Plaintiff reavers and realleges all the allegations contained in paragraphs one (1) through fifty-seven (57) of his First, Second, Third, Fourth, and Fifth Causes of Action and incorporates them herein as if specifically rewritten herein.

59. Plaintiff further says that on August 16, 2005, he caused an email to be sent concerning Defendant David Bobby's participation and associated acts and/or conduct concerning a yard day at Defendant Trumbull Correctional Institution.

60. Plaintiff further says that shortly after he sent said email, his computer was disabled to that he could send no further emails, which is part of his job responsibility.

61. Plaintiff further says that he was prevented from preaching and/or ministering to the prison populous, which he had done prior thereto.

62. Plaintiff further says that he also received a written reprimand for sending said email, which he believed was

13

necessary both for the safety of the institution, as well as for the moral welfare of the female inmates.

63. Plaintiff further says that subsequently he has been denied sick leave and other benefits.

64. Plaintiff further says that he was also told to report to his office and remove any and all items pertaining to religion and religious beliefs.

65. Plaintiff further says that he has been removed from all scheduled preaching and Bible studies, and from ever again leading a worship service at Defendant Trumbull Correctional Institution.

66. Plaintiff further says that as a direct and proximate result of sending the email he was deprived of promotion to captain and to lieutenant, as well as being rejected for five (5) vacant chaplain positions.

67. Plaintiff further says that he is being retaliated against for sending the email on August 16, 2005, by Defendant David Bobby and/or Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction, in violation of 42 U.S.C. §2000e-3 and O.R.C. §4112.02(I).

68. As a result of the willful, wanton, and malicious acts and/or conduct of Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction and/or Defendant David Bobby in retaliating against the Plaintiff, in violation of 42 U.S.C. §2000e-3 and O.R.C. §4112.02(I), Plaintiff has been damaged and expects to incur further damage in the future.

69. As a result of the willful, wanton, and malicious acts and/or conduct of Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction and/or Defendant David Bobby, Plaintiff has been damaged and expects to incur further damage in the future.

WHEREFORE Plaintiff on his Sixth Cause of Action asks for judgment against Defendant Trumbull Correctional Institution and/or Defendant Ohio Department of Rehabilitation and Correction and/or Defendant David Bobby jointly and severally in the sum of Three Hundred Thousand and No/100 Dollars ($300,000.00) as compensatory damages and Three Hundred Thousand and No/100 Dollars ($300,000.00) as punitive damages, together with attorney fees, interest, and costs therein, and for such other and further relief as may be just and equitable in the premise.

Respectfully submitted,

*Howard V. Mishler*

Howard V. Mishler (0007281)
Howard V. Mishler Co., L.P.A.
Westlake Professional Arts Bldg.
23850 Center Ridge Road, Suite 5
Westlake, OH    44145
(440)871-3131 phone
(440)871-0034 fax
hvmishler@yahoo.com

Attorney for Plaintiff
Keith Neal

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

_____
Howard V. Mishler   (0007281)

Attorney for Plaintiff
Keith Neal